## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BRIAN MEEHAN | : | |
| 12 Fahnestock Road | : | |
| Malvern, PA  19355 | : | |
| | : | |
| Plaintiff | : | |
| v. | : | Civil Action No.: |
| | : | |
| THE PENNSYLVANIA DEPARTMENT | : | |
| OF CORRECTIONS | : | JURY TRIAL DEMANDED |
| 1920 Technology Parkway | : | |
| Mechanicsburg, PA  17050 | : | |
| | : | |
| and | : | |
| | : | |
| CORRECTIONAL OFFICER | : | |
| SLOTTERBACH | : | |
| SCI – Frackville | : | |
| 301 Morea Road | : | |
| Frackville, PA  17932 | : | |
| | : | |
| Defendants | : | |

## CIVIL ACTION – COMPLAINT

The Plaintiff, BRIAN MEEHAN, brings this Complaint against the Defendants, THE

PENNSYLVANIA DEPARTMENT OF CORRECTIONS and JOHN DOE, and in support avers

as follows:

1.     Plaintiff, BRIAN MEEHAN, is an adult individual with an address of 12

Fahnestock Road, Malvern, Pennsylvania  19355.

2.     Defendant, PENNSYLVANIA DEPARTMENT OF CORRECTIONS ("DOC") is

a agency of the Commonwealth of Pennsylvania, with offices located at 1920 Technology

Parkway, Mechanicsburg, Pennsylvania 17050 and which maintains, manages and operates State

Correctional Facilities throughout the Commonwealth including SCI – Frackville and SCI-

Camp Hill.

      3.      Defendant, CORRECTIONAL OFFICER SLOTTERBACH ("CO Slotterbach")

is an adult individual, who at all times relevant hereto, was an employee of the Commonwealth

of Pennsylvania – at SCI - Frackville, with an employment mailing address of 301 Morea Road,

Frackville, Pennsylvania  17932.

## JURISDICTION

      4.      This court has jurisdiction original jurisdiction over this matter under 28 U.S.C. §

1331 because Plaintiff's claims arise under 42 U.S.C. § 1983 and raise a federal question.

      5.      Venue is proper before this court under 42 U.S.C. § 1391(b)(2) because the events

upon which Plaintiff's claims are based occurred in this jurisdiction.

      6.      This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to determine

Plaintiff's related state law claim of negligence.

## FACTUAL ALLEGATIONS

      7.      Plaintiff was an inmate of the Commonwealth of Pennsylvania – Department of

Corrections at SCI – Camp Hill.

      8.      On August 19, 2020, Plaintiff, along with approximately 34-40 other inmates, was

being transported from SCI – Frackville to SCI – Camp Hill on a transport bus owned and

operated by the DOC and driven by CO Slotterbach.

      9.      Before being seated on the bus Plaintiff was placed into leg and ankle shackles

and handcuffs secured in front at waist level with a metal chain intertwined with the handcuffs

and affixed also at waist level.

10.     As a result of these various forms of restraints, Plaintiff was unable to freely move either of his arms or legs further restricting balance control over his entire body nor was his body seat belted once positioned in the bus.

11.     As the bus proceeded from SCI-Frackville southbound on State Route 61, Plaintiff was aware that he was unable to brace or to balance his body against the shifting movements of the bus.

12.     As the bus proceeded from State Route 61 and onto the interchange with I-81 West it entered the interchange at an unlawfully and high rate of speed and then abruptly jerked to the right presumably because its operator had slammed onto the brakes in order to slow the bus, which caused Plaintiff to be thrown from his seat to his left and into a metal cage and then on to the floor of the bus resulting in physical injuries, as detailed below.

13.     Despite the loud noise made by Plaintiff's fall and other inmates yelling for assistance, no Correctional Officer came to his aid for the duration of the trip where Plaintiff remained on the floor of the bus, bleeding, bruised and in pain, for a period of approximately 1.5 hours until it arrived at SCI-Camp Hill.

14.     None of the other inmate passengers were able to assist Plaintiff because all of them were also restrained in the same manner as Plaintiff as described above and Plaintiff was unable to lift himself off of the floor of the bus because of these restraints and the injuries experienced.

WHEREFORE, Plaintiff seeks judgment in his favor, damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and all other relief to which he is legally entitled.

**COUNT I**
**(Plaintiff v. Defendant Department of Corrections)**

**VIOLATION OF 42 U.S.C. § 1983 UNDER**
**THE UNITED STATES CONSTITUTION, AMENDMENT VIII**

15.     Plaintiff incorporates by reference all of the foregoing paragraphs as though fully set forth below.

16.     42 U.S.C. § 1983 provides redress to those whose Constitutional rights are improperly abridged by those acting under color of state law.

17.     The Eighth Amendment of the United States Constitution protects prisoners from cruel and unusual punishment, which is punishment or conduct that serves no legitimate penological purpose.

18.     At all times relevant, the Correctional Officers attendant to the bus were employed by the Commonwealth of Pennsylvania Department of Corrections and were therefore acting under color of state law.

19.     The failure of these officers to attend to Plaintiff's physical injuries and at to least assist to remove Plaintiff from the floor of the bus served no legitimate penological purpose and amounted to cruel and unusual punishment in violation of 42 U.S.C. § 1983 and the Eighth Amendment of the United States Constitution.

20.     As a result of this cruel and unusual punishment, Plaintiff has been diagnosed has suffered and continues to suffer great mental anguish and emotional distress.

WHEREFORE, Plaintiff seeks judgment in his favor, damages in excess of One Hundred Fifty Thousand Dollars ($150,000.00) and all other relief to which he is legally entitled.

## COUNT II
### (Plaintiff v. Defendant Correctional Officer Slotterbach )

### NEGLIGENCE

21.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

22.     At all times relevant hereto, Defendant Slotterbach had a duty to operate the motor vehicle he was driving with due care and according to the provisions of the Pennsylvania Motor Vehicle Code and applicable federal laws and regulations promulgated thereto.

23.     At the aforementioned time and place, Defendant operated the transport bus in such a careless and negligent manner so as to cause Plaintiff to be violently thrown from his seat.

24.     The foregoing collision was a factual cause/substantial factor in bringing about Plaintiff's physical injuries.

25.     All of the resultant losses, damages and injuries sustained by the Plaintiff were a direct and proximate result of the negligence of Defendant in the following particulars:

   a.     In operating said vehicle at an excessive rate of speed under the circumstances; and/or

   b.     In operating said vehicle at an excessive rate of speed in light of the weather and/or visibility conditions which were then and there existing; and/or

   c.     In operating said vehicle at an excessive rate of speed in light of the size and weight of the vehicle; and/or

   d.     In not watching or looking where said vehicle was being operated; and/or

   e.     In failing to watch the road in front of said vehicle; and/or

   f.     In failing to have said vehicle under proper control; and/or

   g.     In failing to have said vehicle under proper control when approaching traffic ahead of said vehicle; and/or

h.    In operating said vehicle so as to be unable to stop within the assured clear distance ahead; and/or

i.    In failing to allow an adequate stopping distance in light of the weather and/or visibility conditions then and there existing; and/or

j.    In failing to allow an adequate stopping distance in light of the size and weight of the vehicle; and/or

k.    In failing to exercise extreme caution in light of the weather and/or visibility conditions then and there existing; and/or

l.    In failing to discontinue operation of his vehicle in light of the hazardous conditions; and/or

m.    In failing to have the brakes and braking mechanism on said vehicle in proper working order and/or failing to properly, promptly and adequately operate the brakes and braking mechanism of said vehicle; and/or

n.    In operating said vehicle in such a careless and negligent manner so as to cause or allow same to run into, strike and collide with the Plaintiff's vehicle; and/or

o.    In failing to stop, turn aside said vehicle or take other appropriate action so that the collision would be avoided; and/or

p.    In failing to respect the rights of the Plaintiff to the use of the roadway; and/or

q.    In operating said vehicle while experiencing fatigue or any other cause which impaired Defendant's ability to safely operate said vehicle; and/or

r.    In failing to adhere to rest requirements for operation of a vehicle such as said vehicle; and/or

s.    In operating said vehicle while unfit to do so; and/or

t.    In operating said vehicle in violation of the Pennsylvania Motor Vehicle Code including 75 Pa. C.S.A. 3361 (Assured clear distance/driving at a safe speed), 3362 (Maximum speed limits), 3310 (Following too closely), 3714 (Careless driving), 3736 (Reckless driving); and/or

u.    In operating said vehicle in violation of federal law and regulations including: 392.3-5 (Ill or fatigued drivers, drugs and other substances and alcohol), 392.14 (Hazardous conditions, extreme caution), 393, subpart C (Brakes), 395.1-8, 395.15, 395.16 (Hours of Service) and/or 396 (Inspection, repair and maintenance); and/or

v.    In failing to operate Defendant's vehicle in such a manner as to maintain an assured clear distance ahead; and/or

w.    In operating the subject vehicle with insufficient tires and/or treads given the weather conditions then and there existing;

x.      In failing to exercise the high degree of care required of a motorist entering an
intersection; and

WHEREFORE, Plaintiff seeks judgment in his favor, damages in excess of One Hundred

Fifty Thousand Dollars ($150,000.00) and all other relief to which he is legally entitled.

**COUNT THREE**

**(Plaintiff v. Defendant Department of Corrections)**

**<u>NEGLIGENCE</u>**

26.     Plaintiff incorporates herein by reference all of the foregoing paragraphs as
though fully set forth below.

27.     Defendant DOC negligently hired and/or retained Defendant SLOTTERBACH.

28.     Defendant DOC failed to adequately train Defendant SLOTTERBACH.

29.     Defendant DOC failed to adequately supervise Defendant SLOTTERBACH.

30.     Defendant DOC failed to properly maintain the subject truck.

31.     Defendant DOC permitted and required the subject truck to be operated under the
weather and/or visibility conditions there and then existing.

32.     The negligence of the Defendant DOC was a legal and factual cause of Plaintiff
sustaining injuries.

WHEREFORE, Plaintiff seeks judgment in his favor, damages in excess of One Hundred

Fifty Thousand Dollars ($150,000.00) and all other relief to which he is legally entitled.

## JURY DEMAND

33.    Plaintiff demands a trial by jury of all issues in this action.


LAW OFFICES OF ROBERT A. PINEL, LLC


_/s/_ Robert A. Pinel
Attorney ID 201888
1502 Center Street, Suite 201
Bethlehem, PA  18018
484-821-0400
rapinel@pinellaw.com